**UNITED STATES DISTRICT COURT**

**EASTERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| **THOMAS N. SMITH,**<br><br>          **Plaintiff,**<br><br>     **v.**<br><br>**DARRIN SIMMONS, dba CLEAN AIR PRODUCTS, INC.,**<br><br>          **Defendant.** | **1:05-CV-01187-OWW-NEW**<br><br>**MEMORANDUM DECISION AND ORDER RE GRANTING DEFENDANT SIMMONS' JUDGMENT ON THE PLEADINGS (DOC. 42)** |

### 1.   INTRODUCTION

Defendant Darrin Simmons ("Simmons") moves for judgment on the pleadings pursuant to Federal Rules of Civil Procedure 12(b)(6), 12(c) and 12(h) against Plaintiff Thomas N. Smith ("Smith" or "Plaintiff").

### 2.   PROCEDURAL BACKGROUND

Plaintiff filed his complaint on September 19, 2005. (Doc. 1, Complaint.)  Defendants filed a motion to dismiss on November 22, 2005.  (Doc. 8, Motion to Dismiss I.)  Plaintiff filed a first amended complaint on February 9, 2006. (Doc. 11, First Amended Complaint ("FAC").)  Defendants filed a motion to dismiss the FAC on April 2, 2006.  (Doc. 15, Motion to Dismiss II.)  Plaintiff filed a second amended complaint on July 5, 2006. (Doc. 19, Second Amended Complaint ("SAC").)  Defendant filed a motion to dismiss the third cause of action of Plaintiff's SAC on

1

July 25, 2006.  (Doc. 20, Motion to Dismiss III.)  Plaintiff filed a statement of non-opposition to Defendants' Motion to Dismiss III.  (Doc. 22, Non-opposition to Motion to Dismiss III.)  An order was entered granting with prejudice Defendants' Motion to Dismiss III on September 15, 2006. (Doc. 25, Order on Motion to Dismiss III.)  Defendant filed an answer to Plaintiff's SAC on October 4, 2006. (Doc. 26, Answer to SAC.)  Defendant Darrin Simmons filed a motion for judgment on the pleadings on July 6, 2007. (Doc. 41, Motion for Judgment on the Pleadings.)  Plaintiff filed an opposition to the Motion for Judgment on the Pleadings on July 20, 2007. (Doc. 54, Plaintiff's Opposition.)  Defendant Simmons filed a reply to Plaintiff's Opposition on July 30, 2007. (Doc. 58, Defendant's Reply.)

### 3. **FACTUAL BACKGROUND**

Plaintiff alleges two causes of action in his SAC against Defendant Darrin Simmons, dba Clean Air Products, Inc., breach of contract and common count.  (Doc. 19, SAC, ¶¶ 9-18.)  The title caption to the SAC names Defendant as "DARRIN SIMMONS, dba CLEAN AIR PRODUCTS, INC."  Plaintiff then names two Defendants in the body of his SAC, "Defendant Darrin Simmons..." and "Defendant Clean Air Products, Inc...."  (*Id.*, at p. 1.)  Clean Air Products, Inc. is alleged to be a corporation. ("Clean Air")  The SAC does not specifically name Defendant Simmons as an individual.

A written agreement was entered into in 1998 between Land O'Goshen, Inc. and Clean Air Products, Inc., a California corporation with its principal place of business in Tulare County ("1998 Agreement"). (Doc. 19, SAC, Exhibit 1, p. 1.)  Under the

terms of the 1998 Agreement, Land O'Goshen sold inventory from an auction held by Help Smog Parts, including the 800 telephone, the customer database, the operating systems and various other business property and services. (Doc. 19, SAC, ¶ 9.) Plaintiff is the sole owner of stock in Land O'Goshen and all rights in the "agreement" were assigned to Plaintiff once the assets were sold to Clean Air. (*Id.*, at ¶ 11.)  Plaintiff alleges "Defendant" Clean Air failed to make all required payments under the "agreement" when due. (*Id.*, at ¶ 13.)  Plaintiff contends he and his predecessor in interest, Land O'Goshen performed all required obligations under the "agreement." (*Id.*, at ¶ 12.)  Plaintiff contends that as a "result of the breach of agreement" he has been damaged in the amount of $278,929. (*Id.*, at ¶ 14.)

The 1998 Agreement's introductory paragraph states "This Agreement is between Land O'Goshen, Inc., Seller and Clean Air Products, Inc., buyer, dated November 23, 1998." (Doc. 19, SAC, Exhibit 1, p. 1.)  The 1998 Agreement was signed by Plaintiff on the line designated "Thomas N. Smith" and Defendant Simmons signed on the line designated as "Darrin Simmons". (*Id.* at p. 2.) Defendant Simmons signed his name and added his title "V.P." next to his signature. (*Id.*)

Plaintiff incorporated the 1998 Agreement into the SAC: "The terms of the agreement are set forth in Exhibit 1 which is attached and incorporated herein." (Doc. 19, SAC, ¶ 9.)  Exhibit 1 contains not only the 1998 Agreement but an Agreement and Contract of Sale, dated October, 2001, between Defendant Simmons, as "President of Clean Air Products, Inc." and Plaintiff. ("2001 Agreement"). (*Id.*, at ¶ 16; and Exhibit 1, p.3.)  Under the terms

**3**

1  of 2001 Agreement Plaintiff was to prepare a business plan and
2  solicit prospective buyers to be referred to Defendant Simmons to
3  close the deals.  If such a buyer was secured, the sales and
4  proceeds would be divided among "Plaintiff and Clean Air
5  Products, Inc." based upon the terms set forth in the 2001
6  Agreement. (Doc. 19, SAC, Exhibit 1, p. 3.)  The 2001 Agreement
7  is signed by Thomas N. Smith on a line designated "Thomas N.
8  Smith" and Defendant Simmons, on a line designated "Darrin K.
9  Simmons, President, Clean Air Products, Inc. dba Help Smog
10 Parts." (*Id.*)

11      Plaintiff alleges in his first cause of action that
12 "Defendants" were to pay Land O'Goshen $430,000 in installments
13 as set forth in "Exhibit 1". (Doc. 19, SAC, ¶ 10.) Plaintiff
14 contends in his second cause of action that "Defendants" Clean
15 Air and Simmons owe Plaintiff the sum of $278,929.  Plaintiff
16 contends he has performed as required. (*Id.*, at ¶ 17.)  Plaintiff
17 alleges "Defendants" owe him for goods, services and money
18 delivered within the past four years for which "Defendants"
19 agreed to pay a specified sum.  There is a dispute over whether
20 Plaintiff's allegations of Defendants' failure to pay certain
21 sums of money under written agreements entered into in 1998,
22 include the 2001 Agreement (also attached as Exhibit 1 to the
23 SAC).  Simmons contends no facts are pled or alleged under the
24 2001 Agreement in the SAC. (Doc. 58, Defendant's Reply, p. 2:9-
25 13.)  Plaintiff contends both agreements are part of the SAC.
26 (Doc. 54, Plaintiff's Opposition, p. 2:23-28.)
27 //
28 //

**4**

## 4.  STANDARD OF REVIEW

### A.  Standard of Review for a Motion for a Judgment on the Pleadings

A Rule 12(c) motion challenges the legal sufficiency of the opposing party's pleadings after the pleadings are closed. Judgment on the pleadings is appropriate when, even if all the allegations in the pleading under attack are true, the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 12(c); *Honey v. Distelrath*, 195 F.3d 531, 532-33 (9th Cir. 1999). "For purposes of a motion for judgment on the pleadings, the allegations of the non-moving party must be accepted as true, while the allegations of the moving party which have been denied are assumed to be false." *Hal Roach Studios v. Richard Feiner & Co.*, 896 F.2d 1542, 1550 (9th Cir. 1990).

### I.  Documents Attached to the Pleadings

Documents incorporated by reference to the complaint, are considered part of the complaint, and not extrinsic evidence, and therefore can be properly considered in a 12(c) motion for judgment on the pleadings. Fed. R. Civ. P. 10(c); *Voest-Alpine Trading USA Corp. v. Bank of China,* 142 F.3d 887, 891. fn. 4 (5th Cir. 1998); *Sira v. Morton*, 380 F.3d 57, 67 (2nd Cir. 2004). The documents attached pursuant to Fed. R. Civ. P. 10(c) will not be considered outside the pleadings which would require converting to a Rule 56 summary judgment motion. *Id.*; Fed. R. Civ. P. 12(c). However, if documents attached to the complaint, contradict allegations in the complaint, the court can refrain from accepting the complaint allegations as true. *Durning v. First Boston Corp.,* 815 F.2d 1265, 1266 (9th Cir. 1987).

## 5.   DISCUSSION

**A. First Cause of Action for Breach of Contract against Defendant Simmons**

Defendant Darrin Simmons moves for judgment on the pleadings under Federal Rule of Civil Procedure 12(c) on Plaintiff's first cause of action for breach of contract.  Under a breach of contract claim, Plaintiff must allege a valid enforceable contract for which Plaintiff has met all conditions precedent to require Defendant Simmons' counter-performance, and Defendant Simmons breached the contract resulting in damages to Plaintiff. Under 12(c) standards all material allegations of the plaintiff's complaint are accepted as true and inferences drawn against the moving party.  The moving party is entitled to judgment as a matter of law only when the facts asserted do not constitute a claim as a matter of law and there are no factual issues to be tried.

### I.  1998 Agreement

Defendant Simmons argues that under the 1998 Agreement, the only parties in privity to the contract are Land O'Goshen and Clean Air, a corporation. (Doc. 42, Motion for Judgment on the Pleadings, Points and Authorities ("Simmons P&A"), p. 4:12-14.) Defendant Darrin Simmons was vice-president of Clean Air at the time the contract was executed, and claims he only executed the contract on behalf of Clean Air in his capacity as vice-president, not in his individual capacity. (*Id.*, p. 4:15-18.) Generally, directors and officers will not be liable in their individual capacity for contracts of the corporation.  Am.Jur.2d Corporations § 1341.   Simmons asserts that Clean Air alone

obligated itself to pay Land O'Goshen the disputed sum, and therefore only Clean Air could have breached the 1998 Agreement. (Doc. 42, Motion for Judgment on the Pleadings, Simmons P&A, p. 4:25-26, p. 5:1-3.)

The four corners and express language of the 1998 Agreement, attached to Plaintiff's SAC and considered part of the SAC, support Defendant Simmons' claims. California Civil Code § 1638 governing interpretation of the language of a contract states: "The language of a contract is to govern its interpretation, if the language is clear and explicit, and does not involve an absurdity." West's Ann. Cal. Civ. Code § 1638. The introductory paragraph in the 1998 Agreement clearly identifies the parties to the contract: "This Agreement is between Land O'Goshen, Inc., Seller and Clean Air Products, Inc., buyer..." (Doc. 19, SAC, Exhibit 1, p. 1.) The second paragraph of the 1998 Agreement describing the business transaction also states, "Land O'Goshen, Inc. desires to sell, and Clean Air Products, Inc. desires to purchase..." (*Id.*) Nowhere in the body of the agreement, does Defendant Simmons' name appear, except for the signatory line.

The California Uniform Commercial Code provides:

> (b) If a representative signs the name of the representative to an instrument and the signature is an authorized signature of the represented person, the following rules apply:
> (1) If the form of the signature shows unambiguously that the signature is made on behalf of the represented person who is identified in the instrument, the representative is not liable on the instrument.
> (2) Subject to subdivision (c), if (A) the form of the signature does not show unambiguously that the signature is made in a representative capacity or (B) the represented person is not identified in the instrument, the representative is liable on the instrument to a holder in due course that took the instrument without notice that the representative was not intended to be

**7**

>liable on the instrument. With respect to any other person, the representative is liable on the instrument unless the representative proves that the original parties did not intend the representative to be liable on the instrument.

West's Ann. Cal. Com. Code § 3402(b).

Defendant Simmons is never identified as a party who will perform the contract, nor is he obligated in anyway under the contract. Although, the typed signatory line includes only the name Darrin Simmons, without any reference to the Clean Air corporation or the representative capacity for Clean Air in which he signed; Defendant Simmons signed his name and added his representative function and capacity of "V.P." next to his signature, foreclosing any doubt that Simmons signed in his representative, not personal capacity, of vice-president. (Doc. 19, SAC, Exhibit 1, p. 2.)  Further, Plaintiff does not assert under what theory of liability Defendant Simmons in his individual capacity is sued on the contract.  He is not a named party to the 1998 Agreement and did not sign it in his individual capacity.  There is no mention of an alter ego theory or piercing the corporate veil. Therefore, Defendant Simmons cannot be a proper party to Plaintiff's breach of contract cause of action under the 1998 Agreement. The facts upon which the Plaintiff's SAC is based, even if assumed to be true, do not include a claim against Defendant Simmons under the 1998 Agreement under any theory of personal liability.

**II. 2001 Agreement**

Defendant asserts that the 2001 Agreement, also attached as Exhibit 1 to Plaintiff's SAC, is not pled in the SAC, nor are any facts set forth referring to a breach of contract under the 2001

**8**

Agreement. (Doc. 58, Defendant's Reply, p. 2:9-13.)  A breach of contract cause of action requires the Plaintiff to identify the contract in dispute.  Plaintiff describes parties entering into a series of written agreements in 1998, but does not refer to the parties entering into any agreements in 2001. (Doc. 19, SAC, ¶ 9.)

It cannot be determined from the facts pled if Plaintiff includes the 2001 Agreement in his reference to the "1998 Agreements."  A review of the four corners of the SAC includes the 2001 Agreement, as it is attached as an exhibit to the SAC. However, there are no allegations pled identifying the contracting parties under the 2001 Agreement nor that the contract was breached.  Plaintiff only states "In 1998, Land O'Goshen, Inc. entered into a series of written agreements with Defendants."  There is no mention of a 2001 Agreement. (*Id.*) Further, Plaintiff lists in his first cause of action various business property and services that Land O'Goshen sold under the "written agreements," ("800 telephone number of Help Smog Parts," "The Customer data base," "One Toyota Forklift serial #4U-3FGEZU-61890.") that mirror the business property and services described in the 1998 Agreement. (Doc. 19, SAC, ¶ 9.)  The 2001 Agreement, executed three years later, is a different agreement requiring Plaintiff to prepare a business plan and solicit prospective buyers to be referred to Simmons with Plaintiff receiving a portion of profits if Clean Air closes a deal with the buyer. Additionally, the sum of money Plaintiff claims in his SAC that "Defendants" were to pay in installments amounted to $430,000, the exact amount specified in the 1998 Agreement. *See* Doc. 19, ¶

9 and Exhibit 1, p. 1.  Therefore, all facts pled point to a claim under the 1998 Agreement only.

The motion for judgment on the pleadings as the first cause of action is **GRANTED WITH LEAVE TO AMEND**.

**B. Second Cause of Action for Common Count against Defendant Simmons**

Defendant Simmons moves for judgment on the pleadings regarding the common count cause of action against him in his individual capacity.  Under California law, which recognizes common counts[1], "[a] common count is proper whenever the plaintiff claims a sum of money due, either as an indebtedness in a sum certain, or for the reasonable value of services, goods, etc., furnished.  It makes no difference in such a case that the proof shows the original transaction to be an express contract, a contract implied in fact, or a quasi-contract." *Kawasho Internat., U.S.A. Inc. v. Lakewood Pipe Service, Inc.*, 152 Cal.App.3d 785, 794 (1983)(quoting 3 Witkin, California Procedure, 2d edition, p. 2085, Pleading § 423.).  However, "[a] common count is not a specific cause of action...rather, it is a simplified form of pleading normally used to aver the existence of various forms of monetary indebtedness, including that arising from an alleged duty to make restitution under an assumpsit theory."  *McBride v. Boughton*, 123 Cal.App.4th 379, 394 (2004).  For an express contract that is no longer executory, a common count pleading is appropriate when the only remaining obligation is the payment of money by defendant. *Ferro v. Citizens Nat.*

---

[1]The Ninth Circuit in *Sidebotham v. Robison*, 216 F.2d 816, 827 Fn.4 (9th Cir. 1955), noted that a common count under California met the minimum requirements of Rule 8(a) of the Federal Rules of Civil Procedure, 28 U.S.C.

*Trust & Sav. Bank*, 44 Cal.2d 401, 409 (1955); *McBride v. Boughton*, 123 Cal.App.4th at 394-395.  "The only essential allegations of a common count are '(1) the statement of indebtedness in a certain sum, (2) the consideration, i.e., goods sold, work done, etc., and (3) nonpayment.'" *Farmers Ins. Exchange v. Zerin*, 53 Cal.App.4th 445, 460 (1997)(quoting 4 Witkin, Cal. Procedure (3d ed. 1985) Pleading, § 508, p. 543*); see also Miniace v. Pacific Maritime Ass'n*, 424 F.Supp.2d 1168, 1186 (N.D. Cal. 2006).  "A cause of action for money had and received is stated if it is alleged the defendant 'is indebted to the plaintiff in a certain sum for money had and received by the defendant for the use of the plaintiff.'" *Farmers Ins. Exchange*, 53 Cal.App.4th at 460 (quoting *Schultz v. Harney,* 27 Cal.App.4th 1161, 1623 (1994)).

 In Plaintiff's common count cause of action, he asserts "Defendants" have failed to pay the sum of $278,929 for goods, services and money delivered to "Defendants" for which "Defendants" agreed to pay. (Doc. 19, SAC, ¶¶ 16, 18.)  Such alleged facts alone are sufficient for a common count allegation.

 However, the second cause of action also incorporates the first cause of action allegations. (*Id.*, at ¶ 15.)  "[I]f plaintiff is not entitled to recover under one count in a complaint where all the facts upon which his demand is based are specifically pleaded, it is proper to sustain a demurrer to a common count set forth in the complaint, the recovery under which is obviously based on the set of facts specifically pleaded in the other count." *Hays v. Temple*, 23 Cal.App.2d 690, 695 (1937); *Lambert v. Southern Counties Gas Co.*, 52 Cal.2d 347, 353 (1959);

*Orloff v. Metropolitan Trust Co.*, 17 Cal.2d 484, 489 (1941). Demurrers are based on the same principles as motions for judgment on the pleadings in that all material facts presented in complaint and any inferences or deductions are deemed true for purposes of review, the question for the court is whether based on the facts set forth in the complaint, there is no recovery possible under the law and any doubt should be resolved in favor of denying the motion. The first cause of action does not sufficiently allege a cause of action for breach of contract under the 1998 Agreement nor the 2001 Agreement against Defendant Simmons in his individual capacity. Plaintiff cannot under this state of the pleadings, sustain his second claim for money had and received against Defendant Simmons, because the claim is based on the exact set of facts and circumstances specifically pleaded in the first cause of action for breach of contract.

The motion for judgment on the pleadings as to the second cause of action is **GRANTED WITH LEAVE TO AMEND.**

### CONCLUSION

Defendant's motion for judgment on the pleadings pursuant to Fed. R. Civ. P. 12(c) is **GRANTED WITH LEAVE TO AMEND.** Any amended complaint shall be filed within twenty (20) days following date of service of this decision by the clerk of the court.

IT IS SO ORDERED.

**Dated:   September 24, 2007**            /s/ Oliver W. Wanger
                                           UNITED STATES DISTRICT JUDGE