# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| THOMAS N. SMITH, | ) 1:05-cv-01187 OWW GSA |
| | ) |
| | ) |
| Plaintiff, | ) ORDER REGARDING DEFENDANT DARRIN |
| | ) SIMMONS'S MOTION TO COMPEL |
| v. | ) PLAINTIFF'S RESPONSES TO SPECIAL |
| | ) INTERROGATORIES AND REQUEST FOR |
| DARRIN SIMMONS, individually and | ) PRODUCTION OF DOCUMENTS, TO |
| d.b.a CLEAN AIR PRODUCTS, and | ) PRODUCE DOCUMENTS AND AWARD OF |
| DOES 1 through 50, inclusive, | ) SANCTIONS |
| | ) |
| Defendants. | ) (Document 106) |
| _____ | ) |

## INTRODUCTION

Pending before the Court is Defendant Darrin Simmons's Motion to Compel Responses to Special Interrogatories and Request for Production of Documents, To Produce Documents and Award of Sanctions filed March 23, 2009. On May 6, 2009, Plaintiff responded to the motion. On May 8, 2009, Defendant filed a reply. The Court has considered the pleadings and determined that these matters are suitable for decision without oral argument pursuant to Local Rule 78-230(h). The hearing scheduled for May 15, 2009, has been be vacated, and the parties need not appear. Upon consideration of all the pleadings, this Court will find that Defendant's motion to compel responses to the special interrogatories and request for production of documents, to produce documents and award sanctions, should be GRANTED.

# RELEVANT PROCEDURAL BACKGROUND[1]

Plaintiff filed his complaint on September 19, 2005. With specific regard to discovery matters, Defendant filed a Motion to Compel Plaintiff's Initial Disclosures, as well as a Motion to Compel Plaintiff's Response to Request for Production of Documents, each seeking an award of sanctions, on June 28, 2007. On July 18, 2007, Magistrate Goldner granted the motions and awarded sanctions against Plaintiff.

On August 28, 2007, Defendant filed a Motion for Sanctions and Motion for Evidence and Issue Preclusion for Plaintiff's failure to respond to the Court's July 18, 2007, order. Plaintiff opposed the motion on September 19, 2007, and Defendant replied to the opposition on September 24, 2007. The Court's docket reflects a hearing was held October 1, 2007. Plaintiff was ordered to submit passport information and an affidavit regarding documents; Defendant withdrew his motion for sanctions. On October 26, 2007, Judge Wanger signed an Order After Hearing on the motion.[2]

On March 23, 2009, Defendant filed the instant motion to compel. Plaintiff filed a response and declaration of counsel on May 6, 2009. Defendant replied on May 8, 2009.

# DISCUSSION

The purpose of discovery is to make trial "less a game of blind man's bluff and more a fair contest with the basic issues and facts disclosed to the fullest practicable extent possible." *United States v. Procter & Gamble*, 356 U.S. 677, 683 (1958). Discovery will also serve to narrow and clarify the issues in dispute. *Hickman v. Taylor*, 329 U.S. 495, 501 (1947).

F. R. Civ. P. 26(b) establishes the scope of discovery and states in pertinent part:

> Parties may obtain discovery regarding any matter, not privileged, that is relevant to the claim or defense of any party, including the existence, description, nature, custody, condition, and location of any books, documents, or other tangible things and the identity and location of persons having knowledge of any discoverable matter. For good cause,

---

[1]Defendant's Motion for Summary Judgment (Doc. 114) and Motion for Sanctions (Doc. 112), as well as Plaintiff's Motion to Amend the Complaint (Doc. 108), are currently scheduled to be heard before District Judge Oliver W. Wanger on June 8, 2009.

[2]On May 11, 2009, Judge Wanger heard argument regarding Defendant's application for an order to show cause for Plaintiff's failure to comply with the Court's October 30, 2007, order. Plaintiff was sanctioned in the sum of $400 to compensate Defendant for reasonable attorneys fees associated thereto. (Doc. 127.)

the court may order discovery of any matter relevant to the subject matter involved in the action. Relevant information need not be admissible at trial if the discovery appears reasonably calculated to lead to the discovery of admissible evidence.

"The party who resists discovery has the burden to show that discovery should not be allowed, and has the burden of clarifying, explaining, and supporting its objections." *Oakes v. Halvorsen Marine Ltd.*, 179 F.R.D 281, 283 (C.D. Cal. 1998); *Nestle Foods Corp. v. Aetna Casualty & Surety Co.*, 135 F.R.D. 101, 104 (D. N.J. 1990).

Here, Defendant served Plaintiff with Special Interrogatories, Set One, and a Request for Production of Documents, Set Two, on December 3, 2008. (See Herr Decl., ¶¶ 3-4 & Exs. A & B.) Plaintiff has failed to respond to date. Moreover, on May 6, 2009, Plaintiff indicated he "does not oppose the motion to compel the discovery responses." (Doc. 124.) Counsel for Plaintiff filed a declaration wherein he stated his "office prepared draft responses and sent them to" Plaintiff for approval on March 23, 2009, yet Plaintiff "travels extensively" and thus it is difficult to communicate with him. (Doc. 125.)[3]

### *Discovery Sanctions*

#### A. Special Interrogatories

A party may serve upon any other party written interrogatories relating to any matter that may be inquired into under Rule 26(b). Fed. R. Civ. P. 33(a). The party must respond within 30 days after being served with the interrogatories. Fed. R. Civ. P. 33(b). Objections must be timely, and if any ground for an objection is "not stated in a timely objection," the objection is waived unless excused by the court. Fed. R. Civ. P. 33(b)(4).

#### B. Request for Production of Documents

A party may serve upon another party a request to produce documents or things within the other party's possession, custody or control. Fed. R. Civ. P. 34(a). The party must respond within 30 days after being served with the request to produce. Fed. R. Civ. P. 34(b).

---

[3]Counsel for Plaintiff fails to explain the nearly four-month delay between service of Defendant's requests on December 3, 2008, and March 23, 2009.

## C. Failure to Respond Sanctions

 If a party fails to appear for deposition or respond to discovery, sanctions may be imposed even in the absence of a prior court order:

> If a party or an officer, director, or managing agent of a party or a person designated under Rule 30(b)(6) or 31(a) to testify on behalf of a party fails (1) to appear before the officer who is to take the deposition, after being served with a proper notice, or *(2) to serve answers or objections to interrogatories submitted under Rule 33, after proper service of the interrogatories, or (3) to serve a written response to a request for inspection submitted under Rule 34, after proper service of the request*, the court in which the action is pending on motion may make such orders in regard to the failure as are just . . ."  Thus, sanction may be awarded that are "just."

Fed. R. Civ. P. 37(d) (emphasis added).  The statute continues: "The failure to act described in this subdivision may not be excused on the ground that the discovery sought is objectionable unless the party failing to act has a pending motion for a protective order as provided by Rule 26(c)."

For a party's failure to respond to discovery, Rule 37(d) authorizes the Court to take action including:

1. Designate facts as established;
2. Refuse to allow the disobedient party to support or oppose designated claims;
3. Prohibit the disobedient party from introducing designated matters in evidence;
4. Strike out pleadings or parts thereof;
5. Stay further proceedings until an order is obeyed;
6. Dismiss an action, proceeding or any part thereof; or
7. Render judgment by default against the disobedient party.

Fed. R. Civ. P. 37(d) (cross referencing sanctions identified in Rule 37(b)(2)(A)-(C)).  Moreover, in lieu of any such order, or in addition thereto, the Court "shall require the party failing to act or the attorney advising that party or both to pay the reasonable expenses including attorney's fees, caused by the failure unless the Court finds that the failure was substantially justified or the other circumstances make an award of expenses unjust.  Fed. R. Civ. P. 37(d).  An award of expenses does not require a showing of wilfulness or improper intent; rather the standard is whether there was a substantial justification for the losing party's conduct.  *Id.*  Even without a prior discovery order, discovery misconduct may be punished under the Court's "inherent powers" to manage its affairs.  *Unigard Sec. Ins. Co. v. Lakewood Engineering & Mfg. Corp.*, 982 F.2d 363, 368 (9th Cir. 1992).

**D. Sanctions are Warranted**

Sanctions are warranted in this case because Plaintiff has failed to comply with his discovery obligations. Plaintiff has failed to respond to discovery requests sent more than five months ago, and offers the same reason as that offered for his previous failures: that is, Plaintiff's extensive international travel makes communication "difficult" between he and his attorney. (See Docs. 44-45, 68 ["Plaintiff's situation has contributed to the difficulty in getting some of the information" because he is "living and traveling out of country"] & 69.) In this day and age where communication devices connect the world almost instantly, the Court finds little justification in Plaintiff's failure to meet his discovery obligations. Thus, Plaintiff's failure to comply was not substantially justified nor do the circumstances make such an award unjust.

***Request for Attorney's Fees***

Defendant seeks attorneys fees in the sum of $1,062.50 for the preparation of the instant motion and anticipated attendance at the hearing on the motion. (Herr Decl., ¶¶ 9-10.)

More particularly, Defendant provided the following itemization:

| | | |
|---|---|---|
| a. | 1/20/09 and 3/6/09 Correspondence To Plaintiff's counsel (5 hours @$100.00/hr) | $ 50.00 |
| b. | Preparation of Motion, Declaration and Memorandum of Points and Authorities And Proposed Order (4.5 hrs @ $100/hr) | $ 450.00 |
| c. | Anticipated Time for Travel/Court Appearance on Motion; (2.5 hr. @$225.00/hr.) | $ 562.50 |

Because this Court vacated the hearing date and took the motion under submission without oral argument, the cost for Defendant's anticipated time for travel and court appearance related to the motion is stricken. Otherwise, the number of hours and the hourly rate in light of the work performed are reasonable.

//

//

//

Finally, Plaintiff is cautioned that any continued lapses in the discovery process - particularly where more than three and one-half years have passed since he originally filed this action - will be looked upon with great disfavor, and may result in more onerous sanctions pursuant to the Court's inherent authority.

## CONCLUSION AND ORDER

For the reasons discussed above, this Court hereby ORDERS as follows:

1.    Defendant's motion to compel Plaintiff's responses to Special Interrogatories, Set One, and Request for Production of Documents, Set Two, is GRANTED;

2.    Plaintiff is ordered to provide, without objections, written responses to Defendant's Special Interrogatories, Set One, and Request for Production of Documents, Set Two, within ten (10) days from the date of this Order;

3.    Plaintiff THOMAS N. SMITH is to pay the firm of DOOLEY, HERR, PELTZER & RICHARDSON, LLP, monetary sanctions in the sum of $500.00 within thirty (30) days from the date of this Order.

IT IS SO ORDERED.

**Dated:    May 12, 2009**                    **/s/ Gary S. Austin**
                                   UNITED STATES MAGISTRATE JUDGE