UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| THOMAS N. SMITH, | ) | 1:05-cv-1187 OWW |
| | ) | |
| Plaintiff, | ) | FINAL PRETRIAL ORDER |
| | ) | |
| v. | ) | Trial Date: 9/1/09 9:00 |
| | ) | Ctrm. 3 (JT-5 days) |
| DARRIN SIMMONS, CLEAN AIR PRODUCTS, INC., | ) | |
| | ) | |
| Defendants. | ) | |

## I.   JURISDICTION AND VENUE

1.  Jurisdiction and venue of this Court invoked under 28 U.S.C. §§ 1332(a)(1) or (a)(2) is disputed by Defendants.

## II.   JURY/NON-JURY

1.  A jury trial on all issues is demanded by the parties. Four to five court days are estimated for trial.

## III.   FACTS

**A.   Undisputed Facts**

1.  Clean Air Products is a California corporation.

2.  There was an agreement pursuant to which certain described assets of Help Smog Parts were sold to Clean Air Products in exchange for which Smith was to be paid $430,000. The list of assets is in the November 1998 document attached to

1

the complaint.

3.  Payments of $5,000 per month were made on the obligation from approximately November of 1998 to September of 2003.

4.  Payments were made directly to Smith.

5.  The items described in the November, 1998 document attached to the complaint were delivered to Clean Air Products by Smith in 1998.

6.  Clean Air Products has operated Help Smog Parts since July of 1998 and it continues in operation today.

B.  Disputed Facts

1.  Whether Plaintiff was a resident of California at the time this case was filed.

2.  Whether Smith became the owner of the rights under the contract by assignment from Land O'Goshen, Inc., a California corporation, to Smith.

3.  Whether the agreement between the parties imposes any personal liability on Simmons.

4.  Whether there was a breach of the agreement.

5.  Whether any amounts are due to Smith.

IV.  DISPUTED EVIDENTIARY ISSUES

1.  None anticipated.

V.  SPECIAL FACTUAL INFORMATION

A.  Plaintiffs.

1.  Plaintiff Smith contends that he entered into an agreement with Defendants Simmons and Clean Air Products pursuant to which Plaintiff, acting through a corporation he owned at the time, Land O'Goshen, Inc., would sell to Simmons and Clean Air

2

Products certain described assets of a company known as Help Smog Parts.  In exchange for the transfer of the assets to Defendants, Defendants would operate the business and pay Smith a total sum of $430,000.  The essential terms of the agreement were reached in July of 1998 and, according to Smith, reduced to a written document.  In November of 1998, the parties put together a document that outlined the items transferred and the terms for the payment of the $430,000.

2.   The assets described were all transferred to Defendants.  Payments were made on the obligation for about five years.  The dispute centers on whether those payments resulted in payment in full of the amounts due.  Smith contends that under the clear terms of the documents, interest was to be paid on the balance due.  Smith kept a running tally of the payments and allocated them to principal and interest consistent with the agreement between the parties.

3.   Defendants contend that the parties modified the agreement to waive interest on the outstanding balance due. Smith denies that is the case.

4.   The agreement was part oral and part written.

5.   Defendants breached the agreement by not paying in full the balance due with interest as required.

6.   Defendants' actions estop them from claiming that there was no agreement and from claiming that no interest was due. Defendants got the full benefit of the bargain but refuse to make sure that Smith gets the full benefit of his bargain.

7.   Smith seeks compensatory damages based on the unpaid amounts.

3

8. The damages are measured by applying the payments made by Defendants to the balance with interest being credited first and then the principal. The balance due is in excess of $280,000.

B. **Defendants**

1. In 1998 Land O'Goshen, Inc. entered into a written agreement with Clean Air Products, Inc., pursuant to which Land O'Goshen sold various business property and services solely to Clean Air Products, Inc. for the sum of $430,000.00 to be paid in installments. Defendant Simmons is neither a party to the contract nor has any personal liability. Clean Air Products, Inc. alone obligated itself to pay Land O'Goshen, Inc. the sum of $430,000.00 in installments and has fully performed under the contract.

2. The agreement was modified by parties after Clean Air Products attempted to obtain financing to pay the balance of the agreement, but was unable to because of outstanding tax issues left over from Plaintiff's having run the business. On August 18, 1999, Defendant Clean Air Products, Inc., by and through Defendant Simmons, informed Plaintiff of the corporation's difficulties in obtaining a loan based on Plaintiff's tax issues. Plaintiff wrote back and told Defendant Simmons that, as long as the corporations's difficulties getting a loan were "my fault," interest on the loan would not occur, and that they would review the issue "year to year." Thereafter, Defendant Clean Air Products, Inc. continued to pay Plaintiff monthly payments at the rate of $5,000.00 until its total obligation was paid in full.

3. Plaintiff Smith now contends the 1998 Agreement was

4

entered into for the purpose of avoiding creditors. Plaintiff also admitted at deposition that the 1998 Agreement was never intended by either party to be binding nor did it reflect the true intentions of the parties. Plaintiff also testified that the Agreement was not true or an accurate reflection of the intentions of the parties.

4. There has been no breach by Clean Air Products, Inc. as all sums due under the Agreement, and as modified by the parties, have been paid in full.

## VI. RELIEF SOUGHT

1. See prior complaint and answer on file.

## VII. DISPUTED ISSUES OF LAW

A. <u>Plaintiffs</u>

1. Plaintiff's legal theory for recovery of damages stem from basic contract theories.

B. <u>Defendants</u>

1. Defendants' defenses stem from basic contract law.

## VIII. ABANDONED ISSUES

1. The issue of the personal liability of Darrin Simmons has been resolved as a matter of law.

## IX. WITNESSES

A. <u>Plaintiffs</u>

1. Thomas Smith
2. Randi Smith McIntyre
3. Fred Van Dyk
4. Darrin Simmons
5. Dina Nail
6. Jimmy Scalf

B.   **Defendants**
  1. Thomas Smith
  2. Darrin Simmons
  3. Jimmy Scalf
  4. Fred Van Dyk
  5. Dina Nail
  6. Robert Machado
  7. T.J. Ryan

Counsel are each ordered to submit a list of witnesses to the court along with a copy for use by the Courtroom Deputy Clerk, on the same date and at the same time as the list of exhibits are to be submitted as ordered below.

**CAUTION**

Counsel are cautioned that expert witnesses, including percipient experts, must be designated as such. No witness, not identified as a witness in this order, including "rebuttal" witnesses, will be sworn or permitted to testify at trial.

## X.   EXHIBITS, SCHEDULES AND SUMMARIES

The following is a list of documents or other exhibits that the parties expect to offer at trial.

**CAUTION**

Only exhibits so listed will be permitted to be offered into evidence at trial, except as may be otherwise provided in this order. No exhibit not designated in this pretrial order shall be marked for identification or admitted into evidence at trial.

A.   **Plaintiff's Exhibits**
  1. November 1998 document.
  2. Cancelled checks showing payments.

6

|   |   |   |   |
|---|---|---|---|
| 1 |   | 3. | Emails exchanged between Smith and Simmons. |
| 2 |   | 4. | Schedule of payments and remaining balance due. |
| 3 |   | 5. | 2001 Agreement. |
| 4 |   | 6. | Correspondence between parties. |
| 5 | B. | **Defendant's Exhibits** | |
| 6 |   | 1. | November 1998 Agreement and Contract of Sale. |
| 7 |   | 2. | June 15, 2004 Excel spreadsheet. |
| 8 |   | 3. | August 18, 1999 letter to Tom Smith. |
| 9 |   | 4. | August 18, 1999 letter to Darrin Simmons. |
| 10 |   | 5. | April 10, 1999 letter to Darrin Simmons. |
| 11 |   | 6. | Dell invoice. |
| 12 |   | 7. | October 2001 Agreement and Contract of Sale. |
| 13 |   | 8. | July 1, 1998 Bill of Sale and Agreement. |
| 14 |   | 9. | July 1, 1998 Agreement of Sale. |
| 15 |   | 10. | January 19, 2000 letter to Westpac Trust. |
| 16 |   | 11. | Help Smog Parts Vendor Report. |
| 17 |   | 12. | Report of payments to vendors. |
| 18 |   | 13. | Cancelled checks. |
| 19 |   | 14. | Articles of Incorporation. |
| 20 |   | 15. | Annual Statements by Domestic Stock Corporation. |
| 21 |   | 16. | Annual Statements of information. |
| 22 |   | 17. | Clean Air Products, Inc. corporate minutes. |
| 23 |   | 18. | July 21, 1998 loan denial letter. |
| 24 |   | 19. | May 11, 2000 loan denial letter. |
| 25 |   | 20. | October 4, 2001 loan denial letter. |
| 26 |   | 21. | Business plan. |
| 27 |   | 22. | Land O'Goshen, Inc. tax returns. |
| 28 | /// |   |   |

## XI.   DISCOVERY DOCUMENTS

Only specifically designated discovery requests and responses will be admitted into evidence.  Any deposition testimony shall be designated by page and line and such designations filed with the Court on or before August 14, 2009. The opposing party shall counter-designate by line and page from the same deposition and shall file written objections to any question and answer designated by the opposing party and filed with the court on or before August 21, 2009.

Written discovery shall be identified by number of the request.  The proponent shall lodge the original discovery request and verified response with the courtroom deputy one day prior to trial.  The discovery request and response may either be read into evidence, or typed separately, marked as an exhibit, as part of the exhibit marking process, and offered into evidence.

A.   <u>Plaintiff's List</u>

   1.   Plaintiff will offer all of Defendant's discovery responses.

B.   <u>Defendant's List</u>

   1.   Defendants will offer all of Plaintiff's pleadings, declarations, deposition testimony and discovery responses.

## XII.   STIPULATIONS

   1.   None.

## XIII.   AMENDMENTS - DISMISSALS

   1.   None.

## XIV.   FURTHER TRIAL PREPARATION

A.   <u>Trial Briefs.</u>

   Counsel are directed to file a trial brief in this matter on

8

or before August 20, 2009.  No extended preliminary statement of facts is required.  The brief should address disputed issues of substantive law, disputed evidentiary issues of law that will not be resolved <u>in limine</u>, and any other areas of dispute that will require resolution by reference to legal authority.

B.   <u>Duty of Counsel To Pre-Mark Exhibits</u>.

   1.   Counsel for the parties are ordered to meet and conduct a joint exhibit conference on August 20, 2009, at 10:00 a.m. at the United States District Courthouse at 2500 Tulare Street, Fresno, California 93721, for purposes of pre-marking and examining each other's exhibits and preparing an exhibit list. All joint exhibits will be pre-marked JX1-JX50; all of the plaintiff's exhibits will be pre-marked with numbers 51-100; all of defendant's exhibits will be pre-marked with numbers 101-150.

   2.   Each and every page of each and every exhibit shall be individually Bates-stamped for identification purposes, and paginated with decimals and arabic numerals in seriatim; i.e., 1.1, 1.2, 1.3 . . . .

   3.   Following such conference, each counsel shall have possession of four (4) complete, legible sets of exhibits, for use as follows:

      a.   Two (2) sets to be delivered to the Courtroom Deputy Clerk, Alice Timken, no later than 4:00 p.m. on August 28, 2009, an original for the court and one for the witness.

      b.   One (1) set to be delivered to counsel for the opposing party and one (1) set to be available for counsel's own use.

   4.   Counsel are to confer to make the following

9

determination as to each of the exhibits proposed to be introduced into evidence and prepare separate indexes, one listing joint exhibits, one listing each party's exhibits:

    a.  Joint exhibits, i.e., any document which both sides desire to introduce into evidence, will be marked as a joint exhibit (JX), and numbered JX1-___.  Joint exhibits shall be listed as such in the exhibit list in a column that notes they are admitted into evidence without further foundation;

    b.  As to any exhibit, not a joint exhibit, to which there is no objection to its introduction into evidence, the exhibit will be marked as Plaintiff's Exhibit ___, or Defendant's Exhibit ___ in evidence, and will be listed in the exhibit list as the exhibit of the offering party;

    c.  The exhibit list shall include columns for noting objections to exhibits.  The first column will list any objections as to foundation; i.e., Plaintiff's Foundation 2 - "not authenticated."

    d.  The exhibit list shall include a second column for noting substantive objections to exhibits based on any other grounds; i.e., "hearsay, improper opinion, irrelevant."

    e.  The exhibit list shall include a description of each exhibit on the left-hand side of the page, and the three columns outlined above (as shown in the example below).

### List of Exhibits

| Exhibit # | Description | Admitted In Evidence | Objection To Foundation | Other Objection |
|---|---|---|---|---|
| | | | | |

    f.  The completed exhibit list shall be delivered to the Courtroom Deputy Clerk on or before August 28, 2009, at 4:00

p.m.

   g. If originals of exhibits cannot be located, copies may be used, however, the copies <u>must be legible and accurate</u>. If any document is offered into evidence that is partially not legible, the Court <u>sua sponte</u> will exclude it from evidence.

C. <u>Discovery Documents</u>.

  1. Counsel shall file a list of discovery documents with the Courtroom Deputy Clerk at the same time and date as the witness and exhibit lists are lodged with the Courtroom Deputy Clerk, unless the discovery documents are marked as exhibits, which counsel intend to use at trial by designating by number, the specific interrogatory, request for admission, or other discovery document.  Counsel shall comply with the directions of subsection XII (above) for introduction of the discovery document into evidence.

D. <u>Motions In Limine</u>.

  1. The parties agree there will be no motions in limine prior to trial in this case.

E. <u>Trial Documents</u>.

  1. <u>Exhibits To Be Used With Witness</u>.  During the trial of the case, it will be the obligation of counsel to provide opposing counsel not less than forty-eight hours before the witness is called to the witness stand, the name of the witness who will be called to testify and to identify to the Court and opposing counsel any exhibit which is to be introduced into evidence through such witness that has not previously been admitted by stipulation or court order or otherwise ruled upon, and to identify all exhibits and other material that will be

11

referred to in questioning of each witness.  If evidentiary problems are anticipated, the parties must notify the court at least twenty-four hours before the evidence will be presented.

F.  <u>Counsel's Duty To Aid Court In Jury Voir Dire</u>.

    1.  Counsel shall submit proposed voir dire questions, if any, to the Courtroom Deputy Clerk at atimken@caed.uscourts.gov on or before August 24, 2009, at 4:00 p.m.  Counsel shall also prepare a joint "statement of the case" which shall be a neutral statement, describing the claims and defenses for prospective jurors, to be used in voir dire.

    2.  In order to aid the court in the proper voir dire examination of the prospective jurors, counsel are directed to lodge with the Court the day before trial a list of the prospective witnesses they expect to call if different from the list of witnesses contained in the Pre-Trial Order of the Court. Such list shall not only contain the names of the witnesses, but their business or home address to the extent known.  This does not excuse any failure to list all witnesses in the Pre-Trial Order.

    3.  Counsel's joint agreed statement is: "This is an action involving a sale of assets operated under the name Help Smog Parts from Plaintiff, Thomas Smith, to Defendant Clean Air Products in exchange for which Defendants were to pay Smith the sum of $430,000 over time in monthly installments.  Smith contends that he was not paid in full and Defendants contend that they paid Smith in full."

G.  <u>Counsel's Duty To Prepare And Submit Jury Instructions</u>.

    1.  All proposed jury instructions shall be filed and

12

1 served on or before August 31, 2009, by 4:00 p.m.  Jury
2 instructions shall be submitted in the following format.
3      2.   Proposed jury instructions, including verdict forms,
4 shall be submitted via e-mail to dpell@caed.uscourts.gov
5 formatted in WordPerfect for Windows 10.  Counsel shall be
6 informed on all legal issues involved in the case.
7      3.   The parties are required to jointly submit one set of
8 agreed upon jury instructions.  To accomplish this, the parties
9 shall serve their proposed instructions upon the other fourteen
10 days prior to trial.  The parties shall then meet, confer, and
11 submit to the Court the Friday before the trial is to commence,
12 one complete set of agreed-upon jury instructions.
13      4.   If the parties cannot agree upon any instruction, they
14 shall submit a supplemental set of instructions designated as not
15 agreed upon by August 31, 2009, at 4:00 p.m.
16      5.   Each party shall file with the jury instructions any
17 objection to non-agreed upon instructions proposed by any other
18 party.  All objections shall be in writing and shall set forth
19 the proposed instruction objected to in its entirety.  The
20 objection should specifically set forth the objectionable matter
21 in the proposed instruction and shall include a citation to legal
22 authority explaining the grounds for the objection and why the
23 instruction is improper.  A concise statement of argument
24 concerning the instruction may be included.  Where applicable,
25 the objecting party shall submit an alternative proposed
26 instruction covering the subject or issue of law.
27      6.   <u>Format</u>.  The parties shall submit one copy of each
28 instruction.  The copy shall indicate the party submitting the

instruction, the number of the proposed instruction in sequence, a brief title for the instruction describing the subject matter, the test of the instruction, the legal authority supporting the instruction, and a legend in the lower lefthand corner of the instruction: "Given," "Given As Modified," "Withdrawn" and "Refused" showing the Court's action with regard to each instruction and an initial line for the judge's initial in the lower right-hand corner of the instruction.  Ninth Circuit Model Jury Instructions should be used where the subject of the instruction is covered by a model instruction.

    7.   All instruction should be short, concise, understandable, and neutral statements of the law.  Argumentative or formula instructions will not be given, and should not be submitted.

    8.   Parties shall, by italics or underlining, designate any modifications of instructions from statutory authority, or any pattern instruction such as the Model Circuit Jury Instructions or any other source of pattern instructions, and must specifically state the modification made to the original form instruction and the legal authority supporting the modification.

    9.   Proposed verdict forms shall be jointly submitted or if the verdict forms are unagreed upon, each party shall submit a proposed verdict form.  Verdict forms shall be submitted to the Courtroom Deputy Clerk on the first day of the trial.

    10.  Failure to comply with these rules concerning the preparation and submission of instructions and verdict forms may subject the non-complying party and/or its attorneys to sanctions.

### XV. USE OF LAPTOP COMPUTERS/POWERPOINT FOR PRESENTATION OF EVIDENCE

1. If counsel intends to use a laptop computer for presentation of evidence, they shall <u>contact Alice Timken, Courtroom Deputy Clerk, at least one week prior to trial</u>. The Courtroom Deputy Clerk will arrange a time for any attorney to bring any laptop to be presented to someone from the Court's Information Technology Department, who will provide brief training on how the parties' electronic equipment interacts with the court's audio/visual equipment. If counsel intend to use PowerPoint, the resolution should be set no higher than 1024 x 768 when preparing the presentation.

2. ALL ISSUES CONCERNING AUDIO-VISUAL MATERIALS AND COMPUTER INTERFACE WITH THE COURT'S INFORMATION TECHNOLOGY SHALL BE REFERRED TO THE COURTROOM DEPUTY CLERK.

### XVI. FURTHER DISCOVERY OR MOTIONS

1. No additional discovery or motions are contemplated.

### XVII. SETTLEMENT

1. Settlement efforts have been exhausted.

### XVIII. SEPARATE TRIAL OF ISSUES

1. Not necessary.

### XIX. IMPARTIAL EXPERTS, LIMITATIONS OF EXPERTS

1. None.

### XX. ATTORNEYS' FEES

1. Neither side is entitled to attorneys' fees.

### XXI. ESTIMATE OF TRIAL TIME

1. Five days.

///

## XXII.  TRIAL DATE

1.  September 1, 2009, at 9:00 a.m., in Courtroom 3, on the Seventh Floor.

## XXIII.  NUMBER OF JURORS AND PEREMPTORY CHALLENGES

1.  There will be an eight-person jury, four peremptory challenges per side.

## XXIV.  AMENDMENT OF FINAL PRETRIAL ORDER

1.  The Final Pretrial Order shall be reviewed by the parties and any corrections, additions, and deletions shall be drawn to the attention of the Court immediately.  Otherwise, the Final Pretrial Order may only be amended or modified to prevent manifest injustice pursuant to the provisions of Fed. R. Civ. P. 16(e).

## XXV.  MISCELLANEOUS

1.  Not applicable.

IT IS SO ORDERED.

Dated:   June 24, 2009                      /s/ Oliver W. Wanger
                                       UNITED STATES DISTRICT JUDGE